ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MUNICIPIO DE JUANA DÍAZ<br><br>Parte Apelada<br><br><br>v.<br><br><br>JOSÉ ALVARADO RIVERA<br><br>Parte Apelante | TA2026AP00537 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Caso Núm.: JD2025CV00688<br><br>Sala: 1<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Compareció ante este Tribunal la parte apelante, el Sr. José Alvarado Rivera (en adelante, el "Apelante" o el "señor Alvarado Rivera"), mediante recurso de apelación presentado el 26 de mayo de 2026. Nos solicitó la revocación de la *Sentencia Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (en adelante, el "TPI"), el 19 de mayo de 2026. Mediante el referido dictamen, el TPI declaró "Con Lugar" la demanda de desahucio en precario presentada en contra del Apelante y aprobó y declaró obligatorio para las partes el acuerdo informado en corte abierta durante la vista del 20 de noviembre de 2025, cuyos términos incorporó por referencia a dicha *Sentencia*.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal, y por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por falta de jurisdicción.[1]

---

[1] *Véase*, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

El caso de autos se originó el 1 de octubre de 2025 cuando el Municipio de Juana Díaz (en adelante, el "Municipio" o la "parte apelada") presentó una "**Demanda**", mediante la cual solicitó que el TPI ordenara el desahucio del señor Alvarado Rivera del local comercial que ocupaba en virtud de un contrato de arrendamiento con el Municipio. Alegó el Municipio que dicho contrato había culminado el 31 de julio de 2025 y que, luego de solicitarle la entrega de la posesión al Apelante, este último se negó y se mantuvo en posesión del local.

Luego de varios trámites procesales ante el foro de instancia, las partes comparecieron a la vista de desahucio pautada para el 20 de noviembre de 2025. Según surge del expediente, solicitaron un turno posterior para "discutir el asunto . . . y quizá [poder] disponer del caso".[2] Reanudado el procedimiento, las partes informaron haber llegado a un acuerdo de transacción, el cual se recogió en la *Minuta* de la vista.[3] El TPI concedió a las partes un término de cinco (5) días para que presentaran el acuerdo por escrito con todos los detalles informados. Dicha transacción fue reducida a escrito por medio de un escrito intitulado "**Estipulación**", el cual fue firmado por ambas partes, con fecha de 8 de diciembre de 2025.[4] No empece a lo anterior, el escrito no fue presentado al TPI en el término establecido.

Posteriormente, mediante una "**Moción para que se dicte Sentencia**", el Municipio solicitó que se dictara sentencia de conformidad con el acuerdo pactado en corte abierta e informó que el aquí Apelante aparentemente se había arrepentido de lo acordado, a pesar de haber firmado el acuerdo. Sobre este respecto, surge de los autos electrónicos del foro apelado que el cambio de parecer del Apelante surgió posterior a la renuncia de su primer representante legal y quien compareció durante la vista en que se anunció el acuerdo arribado por las partes. El señor Alvarado Rivera, por conducto de su nueva representación legal, alegó que no había aceptado la oferta para finalizar el caso y solicitaba que el TPI resolviera una solicitud de desestimación que anteriormente había presentado. En oposición a dicha solicitud, el Municipio sostuvo que no había duda de que el Apelante aceptó el acuerdo, puesto que la *Minuta* de la vista del 20 de noviembre claramente

---

[2] *Véase*, SUMAC TPI, Entrada Núm. 9.
[3] Íd.
[4] *Véase*, SUMAC TPI, Entrada Núm. 16, Anejo.

reflejaba su consentimiento. Además, incluyó como prueba de dicha aceptación el acuerdo reducido a escrito y firmado por ambas partes.[5]

En consecuencia, el TPI declaró "Ha Lugar" la "**Moción para que se dicte Sentencia**" que presentó el Municipio y procedió a dictar *Sentencia* mediante la cual declaró "Con Lugar" la demanda de desahucio en precario y aprobó el acuerdo informado en corte abierta, incorporando por referencia sus términos. Insatisfecho con el proceder del TPI, el señor Alvarado Rivera presentó una "**Moción en Reconsideración a Sentencia**" el 30 de diciembre de 2025, la cual fue denegada el 8 de enero de 2026. Así el trámite, el Apelante recurrió ante este Tribunal mediante un primer recurso de apelación, bajo el caso núm. TA2026AP00101. Evaluados los méritos del mismo, un panel hermano de este tribunal intermedio emitió *Sentencia* a través de la cual desestimó el recurso por su presentación prematura, toda vez que el foro *a quo* no impuso una fianza en apelación.

En cumplimiento con nuestro mandato, el 19 de mayo de 2026, el TPI emitió una *Sentencia Enmendada* en la que impuso una fianza en apelación ascendente a $1,000.00. Es menester destacar que el aludido dictamen no modificó ninguna de las determinaciones incorporadas en la *Sentencia* original. Insatisfecho con ello, el 26 de mayo de 2026, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al dictar Sentencia aprobando e incorporando como transacción judicial un alegado acuerdo informado en corte abierta, a pesar de que el demandado-apelante había retirado su consentimiento previo a que se dictara sentencia, lo que vicia de nulidad el consentimiento requerido para la validez de dicho acuerdo y constituye un error de derecho.

## II.

## A.

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción

---

[5] Íd.

donde no la hay. Pueblo v. Ríos Nieves, *supra*, pág. 273; Pérez Soto v. Cantera Pérez, Inc., *et al*., 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves, *supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*. Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

Cónsono con lo anterior, la Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

El Artículo 1497 del Código Civil define un contrato de transacción como aquel en el cual "mediante concesiones recíprocas, las partes ponen fin a un litigio o a su incertidumbre sobre una relación jurídica". 31 LPRA sec. 10641. Nótese que ello puede ser "con el propósito de evitar un pleito o poner término a uno que ya comenzó". Rodríguez *et al*. v. Hospital *et al*., 186 DPR 889, 903 (2012).

Así pues, se ha establecido que los elementos constitutivos de un contrato de transacción son: "(1) [la existencia de] una relación jurídica incierta y litigiosa, (2) la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable y (3) las recíprocas concesiones de las partes". Feliciano Aguayo v. MAPFRE, 207 DPR 138, 156 (2021).

Ahora bien, nuestro ordenamiento jurídico reconoce que existen dos (2) clases de contratos de transacción: el judicial y el extrajudicial. Neca Mortg. Corp. v. A&W Dev. S.E., 137 DPR 860, 870 (1995). El primero ocurre "cuando, una vez comenzado el pleito, las partes llegan a un acuerdo transaccional y lo hacen incorporar al proceso en curso". Rodríguez *et al*. v. Hospital *et al*., *supra*, pág. 904. Ello tiene el efecto de culminar el pleito. Demeter Int'l v. Srio. Hacienda, 199 DPR 706, 730 (2018). En cambio, el contrato de transacción extrajudicial "ocurre antes de que comience el pleito que se quiere evitar, o cuando una vez comenzado, las partes acuerdan una transacción sin la intervención del tribunal". Berkan *et al*. v. Mead Johnson Nutrition, 204 DPR 183, 207 (2020). En este caso, bastará que las partes presenten el aviso de desistimiento. Rodríguez *et al*. v. Hospital *et al*., *supra*, pág. 904.

En fin, "[l]a transacción, como todo contrato, no garantiza que los contratantes cumplan con sus respectivas prestaciones". Igaravidez v. Ricci, 147 DPR 1, 6 (1998). Por lo que, en caso de una transacción judicial "si una de las partes incumple con lo estipulado, se puede solicitar inmediatamente que lo convenido se lleve a efecto, pues tiene para las partes la misma fuerza que la sentencia firme y se puede, por lo tanto, utilizar el procedimiento de apremio". Íd.

El Artículo 1503 del Código Civil, por su parte, regula la forma del contrato de transacción. A tales efectos, dispone que la transacción "debe constar en un escrito firmado por las partes o en una resolución o una sentencia dictada por el tribunal". 31 LPRA sec. 10647.

### III.

En el presente caso, el señor Alvarado Rivera nos solicita la revocación de la *Sentencia Enmendada* del TPI, mediante la cual se declaró "Con Lugar" la demanda por desahucio en precario y se aprobó el acuerdo de transacción informado en corte abierta. Solicita, además, que dejemos sin efecto la aprobación de dicho acuerdo y que devolvamos el caso al TPI para continuar con los procedimientos, conforme a derecho. En síntesis, sostiene que erró el TPI al aprobar e incorporar un acuerdo de transacción en ausencia de consentimiento válido, puesto que el Apelante había retirado su consentimiento previo a que se dictara la *Sentencia Enmendada*.

Tras un análisis exhaustivo del expediente ante nuestra consideración, al igual que los autos electrónicos del foro apelado, encontramos que el TPI no cometió el referido error al emitir la *Sentencia Enmendada* apelada. Es harto conocido que los contratos de transacción permiten poner fin a pleitos o litigios ya en curso o incluso antes de que comiencen. Como todo contrato, requieren de la concurrencia de tres elementos constitutivos, en específico: "[la existencia de] una relación jurídica incierta y litigiosa, (2) la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable y (3) las recíprocas concesiones de las partes". Feliciano Aguayo v. MAPFRE, *supra*. En lo pertinente al caso de autos, es forzoso concluir que entre las partes concurrieron estos tres elementos y que, en consecuencia, se perfeccionó un contrato de transacción de carácter obligatorio y ejecutable.

El Apelante pretende argumentar que un arrepentimiento posterior a que prestar su consentimiento informado en corte abierta y luego de haber suscrito la "**Estipulación**" por ambas partes es suficiente para constituir un vicio en el consentimiento que prestó. Surge claramente del expediente que el señor Alvarado Rivera no solo estuvo presente en la vista en la cual se llegó al acuerdo de transacción y se informó al tribunal, sino que también firmó el acuerdo estipulado y que en todo momento estuvo aconsejado por su representante legal.

Alegar la existencia de un vicio en el consentimiento, cuando en ningún momento se colocó al TPI en condición de entender que existía tal vicio respecto al acuerdo de transacción, ni las circunstancias que presuntamente hicieron del mismo en nulo resulta improcedente. Lo propio habría sido, cuanto menos, alegar cuáles fueron esas circunstancias que pudieran haber movido al Tribunal a requerir la presentación de prueba a tales efectos, así permitiendo al TPI dilucidar si verdaderamente existía controversia respecto al consentimiento prestado por el aquí Apelante. En ausencia de ello, el contrato de transacción perfeccionado entre las partes y aprobado mediante la *Sentencia* apelada es válido y exigible. En consecuencia, el TPI no puede relevar a las partes del acuerdo que los obligaba. Olazábal v. U.S. Fidelity, etc., 103 DPR 448, 462 (1974).

Habiendo concluido lo anterior, resulta menester destacar, además, que del documento intitulado "**Estipulación**" que obra en el expediente surge claramente

que las partes consintieron a que la sentencia que en su momento emitiera el TPI sería *final y firme*. Es decir, las partes renunciaron a su derecho de apelar la *Sentencia Enmendada*.[6] Sobre este respecto, conviene recordar que el Artículo 14 del Código Civil dispone que "[l]os derechos que concede la ley pueden renunciarse siempre que no se prohíba su renuncia o que esta no sea contraria a la ley, a la moral ni al orden público, ni en perjuicio de tercero". 31 LPRA sec. 5333. Así pues, y a la luz de lo establecido en el Artículo 1499 de dicho cuerpo estatutario, la interpretación restrictiva de la "**Estipulación**" conduce a la conclusión de que el señor Alvarado Rivera renunció a recurrir ante este Tribunal para impugnar la *Sentencia Enmendada*. Negrón Vélez v. ACT, 196 DPR 489, 505-506 (2016).

Entiéndase, no existiendo duda sobre la validez del contrato de transacción suscrito entre las partes epígrafe, procede desestimar el presente recurso por falta de jurisdicción, toda vez que las partes renunciaron a su derecho de acudir ante este foro judicial intermedio.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente *Sentencia*, *desestimamos* el recurso de epígrafe, puesto que las partes renunciaron a ejercer su derecho de apelar al suscribir la "**Estipulación**" en controversia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Íd.